894 F.2d 403
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory WILLIAMS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Theodore DIXON, Defendant-Appellant.
 Nos. 89-5031, 89-5801.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 27, 1989.
Decided: Jan. 12, 1990.
 
 Jan Simpson Strifling; John M. Young, Gregory & Young, on brief, for appellants.
 E. Bart Daniel, United States Attorney; Robert C. Jendron, Jr., Assistant United States Attorney; Paul M. Stroeble, Law Clerk, on brief, for appellee.
 Before K.K. HALL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 On October 14, 1988, appellants Theodore Dixon and Gregory Williams entered pleas of guilty to conspiracy to possess heroin with intent to distribute in violation of 21 U.S.C. Sec. 846. Dixon and Williams were indicted with three other individuals on the conspiracy count and also on a count of attempting to possess with intent to distribute approximately 196 grams of heroin in violation of 21 U.S.C. Secs. 841(a)(1), 841(b)(1)(B), 846 and 18 U.S.C. Sec. 2. Under plea agreements, the attempting to possess charge was dismissed. Dixon was sentenced to a term of 216 months and Williams was sentenced to a term of 24 months.
 
 
 2
 Dixon claims error by the district court in sentencing him as a career offender under 28 U.S.C. Sec. 994(h)(2)(B) and Sec. 4B1.1 of the United States Sentencing Guidelines because the evidence was insufficient to support a finding that he was a career offender.
 
 
 3
 Williams claims error by the district court in accepting his plea of conspiracy to possess with intent to distribute heroin when the facts presented would only support the lesser offense of conspiracy to possess heroin for personal use. He also claims error because two uncounseled convictions of shoplifting were used in calculating his criminal history category under the Guidelines.
 
 
 4
 We find no merit in any of these exceptions, and we affirm.
 
 I.
 
 5
 In January 1988, Linwood Williamson was arrested with 196 grams of heroin in his possession at the bus station in Raleigh, North Carolina. He was to deliver this heroin to individuals in Columbia, South Carolina. When DEA agents in Columbia were advised of the arrest and the interception of the drugs, they arranged a controlled delivery for January 14, 1988, at the Greyhound Bus Station in Columbia with a number of law enforcement officers having the area and the individuals, including the appellants, under surveillance. Gregory Williams drove Steve Wilkerson and Robert Portee to the bus station, and he was aware that they were going to obtain heroin that was to arrive by bus. Williams waited in his car while Wilkerson made contact with Linwood Williamson. As Wilkerson returned to Williams' car, the agents began to make arrests, and Williams attempted to flee but was quickly apprehended.
 
 
 6
 Theodore Dixon, the leader of the heroin distribution organization, had arranged for the heroin to be shipped from New York to Columbia, and was present at the bus terminal when the heroin arrived. He fled the scene and a high speed auto chase developed. Dixon eventually abandoned his car and fled on foot, but was subsequently arrested.
 
 
 7
 Appellants Dixon and Williams entered into plea agreements with the United States under which they each pled guilty to Count 1 of the indictment which charged conspiracy to possess with intent to distribute heroin in the State of South Carolina.
 
 II.
 
 8
 Appellant Williams claims error because the district court accepted his plea of conspiracy to possess with intent to distribute 196 grams of heroin, when the facts would support only the lesser offense of conspiracy to possess heroin for personal use. Williams contends that he went to the bus station with Wilkerson and Portee for the sole purpose of obtaining heroin for his personal use and that he was not a part of a conspiracy to distribute the drug. Williams claims that the presentence report also indicates that he was simply waiting for the heroin to arrive so that he could purchase it for his use, and not for distribution.
 
 
 9
 Williams also claims error by the district court in applying the Sentencing Guidelines to uncounseled convictions which were used to calculate his criminal history category.
 
 
 10
 When appellant Williams entered his plea of guilty, a full on-the-record inquiry was conducted by the district judge as required by Federal Rule of Criminal Procedure 11. Williams admitted his guilt under Count 1, and he agreed with a summary of the evidence against him, as presented by the Assistant United States Attorney. Although Williams claims that he was only interested in obtaining heroin for his personal use, his statement and the statement of the Assistant United States Attorney show that he was aware that a shipment of heroin was coming to the Columbia Bus Station and it was going to be received by Steve Wilkerson and other members of an organization which distributes heroin in the Columbia area. Williams agreed to drive Wilkerson to the station, and did drive him to the station and waited while Wilkerson made the contact to obtain the heroin. It is obvious that the essential elements were present to convict Williams of conspiracy to possess with intent to distribute the heroin. First, he was aware that there was an agreement to take delivery of heroin at the bus station and that some of the heroin would be distributed; second, he became a member of the conspiracy and drove other members to the bus station; third, an overt act in furtherance of the conspiracy was committed by one of the conspirators when Wilkerson made contact with Williamson at the bus station. Also, the driving of Wilkerson to the bus station with knowledge of the conspiracy would be an overt act by appellant Williams in furtherance of the conspiracy.
 
 
 11
 The fact that Williams only wanted heroin for his personal use did not change the purpose of the conspiracy, which was to obtain possession of and distribute the heroin.
 
 
 12
 We find no merit to the claim that the facts would support only a conviction of conspiracy to possess for personal use.
 
 
 13
 Appellant Williams also claims that two uncounseled shoplifting convictions were used to calculate his criminal history. The appellant's offense level was 20 and his criminal history category was IV. This produced a guideline of 51 to 63 months. The court granted the government's motion to apply a downward adjustment and departure from the guidelines because Williams was a minor participant in the criminal activity. It sentenced Williams to 24 months, rather than the minimum guideline of 51 months.
 
 
 14
 At the time of sentencing appellant Williams and his counsel made no objection to the presentence report, which contained an outline of the prior offenses as well as the calculation of the total offense level of 20 and the criminal history category of IV. The presentence report reflected three shoplifting convictions. A shoplifting conviction in 1980 showed that he was represented by counsel, but the convictions in 1985 and 1987 reflect that he waived the right to an attorney. Since the presentence report clearly reflected that he had waived his right to counsel at two of these convictions, and he made no objection thereto before the district court, he may not do so before us at this late date.
 
 III.
 
 15
 Appellant Dixon claims error in sentencing him as a career offender under 28 U.S.C. Sec. 994(h)(2)(B) and Sentencing Guideline Section 4B1.1. Dixon claims that the evidence presented by the government was insufficient to place him in the category of a career offender, and that the Sentencing Guidelines creating career offenders violates the due process clause of the Fifth Amendment to the Constitution of the United States.
 
 
 16
 A career offender is defined in 28 U.S.C. Sec. 994(h)(2)(B) and Section 4B1.1 as: (1) at least 18 years old at the time of the instant offense, (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. The first two requirements are not in dispute because Dixon was over 18 years and the instant offense is a controlled substance felony. We are only concerned with the predicate offenses. Appellant Dixon concedes that a 1985 conviction of possession of heroin with intent to distribute qualifies as one predicate offense, but he claims that a June 23, 1980, conviction of criminal possession of a controlled substance fifth degree Class D felony in New York does not qualify as a predicate offense.
 
 
 17
 Prior to ruling on the effect of this conviction, the district court requested and received a copy of the New York statute, New York Criminal Statute 220.06, which provides that "[a] person is guilty of criminal possession of a controlled substance in the fifth degree when he knowingly and unlawfully possesses: (1) a controlled substance with intent to sell it."
 
 
 18
 The presentence report reflects that Dixon was arrested by police officers in New York City after the officers had observed him selling heroin. When arrested he had on his person 29 packets of heroin. The district judge, after a hearing on the issue, found that this offense was substantially equivalent to the offenses listed in 4B1.2 and concluded that appellant Dixon was a career offender and sentenced him accordingly. We perceive no error in the findings of the district court on this point. We find no merit in appellant Dixon's claim that the career offender section of the Sentencing Guidelines denies him due process.
 
 
 19
 We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.
 
 
 20
 AFFIRMED.